Hutchins *vs.* Tenant.

---

### HUTCHINS. *vs* TENANT.

Under the act of 1874 (pamph. p. 105, 107), the comptroller general was only authorized to issue an execution for taxes against unimproved lands. Where land was improved and a tenant was in possession thereof, no authority was given to the comptroller general

to issue a tax *fi. fa.* against it; and a sale under such a *fi. fa.* was void, and conveyed no title.    65 *Ga.,* 219.

Judgment affirmed.

March 4, 1884.

HALL, Justice.

[Anthony Hutchins brought complaint for land against Charles Tenant. Plaintiff claimed under a sheriff's sale made by virtue of an execution issued in 1877 by the comptroller general against the land, as wild land, for taxes due on it for 1874 and 1875. Defendant showed that some fourteen acres had been cleared for about thirteen years; that in the spring of 1874 (prior to the 1st of April), one Sheffield cleared and fenced about six acres of the land and put it into cultivation, and it has been so ever since·

The jury found for the defendant. Plaintiff moved for a new trial, on substantially the following grounds:

(1.) Because the court charged as follows: "The plaintiff claims the land by virtue of a sheriff's sale of it as wild land, under *fi. fa.* from the comptroller general against it as wild land not returned for taxes. If you believe from the evidence that, in the spring of 1874, or that earlier some five or six acres of land on the lot was cleared, fenced and cultivated, and had been ever since, then the land was not wild when the tax in question accrued, nor when the *fi. fa.* issued, nor at the sale; and the tax sale was void. If it was not wild or unimproved when the tax accrued, nor when the *fi. fa.* issued, nor at the sale, plaintiff cannot recover."

(2.) Because the court rejected evidence offered to show that the parties who made the clearing on the land, and cultivated the patches thereon, claimed no title; and that one of these parties so informed defendant at the time he sold to him.

(3.) Because the court refused to allow a witness to testify that the lot was always considered a wild lot of land by all who knew it, even since the clearings thereon.

The motion was overruled, and plaintiff excepted.]