## WATKINS *v.* COUNTRY CLUB.

Where in a petition to have obstructions removed from an alleged private way, the petitioner based his alleged right to the relief for which he prayed upon seven years continuous and uninterrupted use of the way, and failed to allege that the land over which the way was claimed was improved land, a demurrer predicated upon such failure was properly sustained.

Argued April 4, — Decided May 12, 1904.

Certiorari.   Before Judge Eve.   Richmond superior court. June 19, 1903.

*F. W. Capers,* for plaintiff, cited *Ga. R.* 61/30; 62/423; 63/658;  68/528;  69/758;  75/858;  110/326;  111/873; 114/306; 87/320; 9/39; 64/337; 78/159.

*J. C. C. Black,* for defendant, cited *Ga. R.* 63/657; 86/323; 76/107; 75/859; 81/749; 68/530; 69/766.

FISH, P. J.   This was a proceeding, before the ordinary of Richmond county, to have certain obstructions removed from an alleged private way.   The original petition made a case, in behalf of the petitioner, of title by prescription to the way, by reason of twenty years continuous and uninterrupted user thereof.   The respondent to the rule nisi demurred to the petition, upon various grounds, two of which have been argued here, viz.: because it was not alleged that the way was ever laid out by the petitioner, and because it was not alleged that the owners of the land over which the right of way was claimed ever had knowledge that the way was laid out, used, and enjoyed.   Pending this demurrer, the petitioner amended the paragraphs of the petition in reference to the user of the way, "so that said paragraphs when amended [should] read as follows:" that is, that the described way had been used, in the manner alleged, "for more than seven years," and "for said term of seven years" had been kept open and in repair by the petitioner.   The petition as amended was then demurred to upon all the grounds of the original demurrer, and upon this additional ground, that the petition, as amended, did not allege that the land over which the right of way was claimed was improved land.   The ordinary sustained the demurrer and dismissed the petition.   The petitioner carried the case, by certiorari, to the superior court, where the judgment of the ordinary was sustained.   The bill of exceptions before us alleges error in this judgment of the superior court.

Was the petition defective in not alleging that the land over which the way was claimed was improved land?   The ground of the demurrer raising this question was not good against the original petition, but, in our opinion, it pointed out a fatal defect in the petition as it stood after it was amended.   It will be observed that the amendment, instead of simply adding additional para-

graphs to the petition, amended certain paragraphs thereof so as to sweep therefrom the allegations in reference to twenty years user of the way and substitute, in lieu thereof, the allegations of more than seven years user. As the amended petition was not sufficient to withstand this ground of the demurrer, we do not deem it necessary to expressly rule upon any of the other grounds taken by the demurrer. But as the two other grounds above indicated have been ably discussed by counsel for the respective parties and as we have devoted considerable time to the investigation and consideration of the questions raised by them, we will say, in passing, that, it seems, section 672 of the Political Code, upon which these grounds are based, is intended to apply only to private ways laid out under statutory proceedings. It is apparently intended as a statute of limitation upon the right of the owner of land over which a private way is laid out, to have his damages for the subjection of his land to the servitude of the way assessed and paid. That the "six months knowledge" of the owner of the land in this section refers to knowledge of the laying out of a way under the statutory proceedings seems apparent when this section is considered in connection with the section which immediately precedes it, which provides that if a private way is "established" over the wild lands of a person who has no notice of "the proceeding," he may proceed within six months after he receives such notice, and not thereafter, to have his damages assessed. Apparently the word "established," in section 671, and the words "laid out," in section 672, have the same meaning, that is, the laying out of a way under the order of the ordinary. The words "without moving for damages," used in section 672, are certainly not applicable to a private way claimed independently of any proceeding under the statute, and are clearly applicable to a way which has been laid out under the statute. The statute in reference to the granting of private ways by the ordinary provides that, "if the person . . , over whose land the passway is, conceives that he will be damaged thereby, he may proceed to have the damages assessed in the same manner that damages are assessed in case of public roads, and the applicant therefor stands in the place of the county and road commissioners." § 665. This, in the opinion of the writer, is the "moving for damages" to which section 672 refers. I am not unmindful of

the fact that in several cases this court has seemed to construe the provisions of section 672 and ,the provisions of section 678, for the removal of obstructions from private ways, together, and to read into the latter, from the former, the provision in reference to "six months knowledge" on the part of the owner of the land over which the way is located.    But, after a careful consideration of these cases, I find nothing in either of them which required this construction of the law to be made in order for the court to reach the particular decision announced.    In each case the decision was really based upon other grounds.    But for the existence of these cases, the writer would feel no hesitancy in ruling, upon the two grounds mentioned of the original demurrer, in accordance with the views above expressed.    But, as we have said, in the present case, we do not deem it necessary to rule upon any ground of the demurrer except the one which raised the question whether the petition, as amended, was sufficient to show a right of way by prescription, in the absence of an allegation that the land over which the way was claimed was improved land.    In our opinion, a private way can not be acquired over unimproved land by prescription alone, unless the way has been used uninterruptedly for twenty years.    It is true that section 678 of the Political Code provides:    "Whenever a private way has been in constant and uninterrupted use for seven years or more, and no legal steps have been taken to abolish the same, it shall not be lawful for any one to interfere with such private way."    Hence, if this section stood alone, the time of user necessary to acquire a private way over wild or unimproved lands and the length of user necessary to acquire such a way over improved lands would be the same, as this particular statute makes no distinction in this respect, but, upon its face, apparently applies to lands of either character.    But section 3065 of the Civil Code, which is the general section in reference to the modes of acquiring the right of private way over the lands of another, provides that it "may arise from express grant; or from prescription by seven years uninterrupted use through improved lands, or twenty years use over wild lands; or by implication of law when such right is necessary to the enjoyment of lands granted by the same owner; or by compulsory purchase and sale through the ordinary, in the manner prescribed in this Code."    Here the different modes by which a

private way may be acquired are specified, and it is expressly provided that twenty years uninterrupted use is necessary to acquire such a way over wild lands; and the descriptive words "wild lands" are evidently used in contradistinction to the descriptive words "improved lands." Seven years uninterrupted use will acquire the right of way over improved lands, but twenty years of such use is necessary to establish such right over wild or unimproved lands. Section 678 can not be construed to mean that seven years uninterrupted use of a way over wild or unimproved land will give title to the way by prescription, without bringing it into plain and irreconcilable conflict with section 3065. The provisions of these two sections can stand together by construing the seven years in the first section to refer to improved lands. They can not do so if these words are construed to apply also to the user of a way over unimproved lands. As the amended petition based the claim of the petitioner to have the obstructions removed upon seven years continuous and uninterrupted user of the way, without alleging that the land over which the way was so used was improved land, the demurrer was well taken and properly sustained.

*Judgment affirmed. All the Justices concur, except Lamar, J., disqualified.*