## HOPKINS *v.* ROACH.

"Improved lands," in the sense in which the phrase is used in Civil Code, § 3065, which provides that "the right of private way over another's land may arise . . from prescription by seven years uninterrupted use through improved lands, or twenty years use over wild lands," comprehends the entire tract, though only part thereof be in actual cultivation; the woodland on such a tract is not wild land, but in connection with that portion which is cultivated constitutes a single tract of "improved land."

Submitted July 18,—Decided December 15, 1906.

Certiorari. Before Judge Fite. Whitfield superior court. November 17, 1905.

*R. J. & J. McCamy,* for plaintiff in error.

*Shumate & Maddox* and *J. A. Longley,* contra.

Evans, J. James Roach applied to the ordinary for an order directing Jacob Hopkins to show cause why he should not remove certain obstructions placed by him in a private way to the use of which the plaintiff alleged he had a prescriptive right. At the hearing the ordinary passed an order commanding the defendant to remove the obstructions complained of within forty-eight hours, pursuant to the statute. To this judgment Hopkins sued out a writ of certiorari, complaining that the judgment was erroneous for the reasons, (1) that the evidence showed that the land through which the way ran was unimproved and it had not been in use for twenty years, and (2) that this way was a settlement road, open to the public, in which the plaintiff had no private prescriptive right. In answer to the writ of certiorari the ordinary certified that after the evidence had closed he stated that the only point that appeared to be controverted was whether the land over which the road ran was, in a legal sense, "improved" land or "wild or unimproved" land, and a decision on this point would determine whether seven years gave a prescriptive right to its use, or twenty years uninterrupted use was necessary; and that if this was the point on which the case turned, he was ready to announce his decision without argument. Counsel for the defendant and the plaintiff agreed that this was the controlling point in the matter, and the ordinary then held that the land through which the road passed was not wild or unimproved land, and that the evidence showed that the plaintiff had a prescriptive right to its use. The ordinary's judgment

was upheld by the superior court, and the bill of exceptions complains of the refusal to sustain the certiorari and order a new trial.

The plaintiff based his claim to the way upon the uninterrupted user of the way for a period of some fifteen years. The Civil Code, § 3065, provides that "The right of private way over another's land may arise . . from prescription by seven years uninterrupted use through improved lands, or twenty years use over wild lands." The descriptive words "wild lands," as used in this section, are employed in contradistinction to the words "improved lands." *Watkins* v. *Country Club,* 120 *Ga.* 45. If a tract of land is cultivated in part, and a road through the entire tract traverses both field and woodland, the woodland adjacent to the field is not to be treated as "wild" land. *Kirkland* v. *Pitman,* 122 *Ga.* 256. The land which the statute designates as "wild" is that which is located separate and apart from lands which are partly in cultivation; it is a segregated tract of land remaining, as it were, in a state of nature, unenclosed, and with no indicia pointing to use by the owner. The woodland of a plantation is not "wild land" simply because it is unenclosed, where it adjoins lands which are in cultivation and the woodland in its natural state is retained by the owner either for plantation uses or because he prefers to defer the time for bringing it into cultivation; it is not "wild land," but, in connection with that portion which is cultivated, constitutes a single tract of "improved land." *Hutchins* v. *Tenant,* 73 *Ga.* 95.

The record shows that the way in controversy traverses a sixteen-acre tract of land belonging to the defendant, and that it was laid out and in use at the time the plaintiff purchased a nearby farm in 1890. This sixteen-acre tract does not adjoin the land upon which the defendant resides, but about eight years before the trial he cleared up this tract and put it in cultivation. The way was kept in repair and confined to a width of fifteen feet by the plaintiff, and has been used by him since 1890. The testimony demanded a finding that the land through which the way passed was "improved" land, and that the plaintiff, after the land was wholly or in part cleared and put into cultivation by its owner, continued in the uninterrupted use of the way for a period of more than seven years. The ordinary therefore properly adjudged that the obstructions placed therein by the defendant should be removed. There was no merit in the certiorari.

*Judgment affirmed. All the Justices concur.*