DUNCAN *v.* SLUDER.

No. 16349. October 13, 1948.

*W. L. Nix* and *A. G. Liles*, for plaintiff.
*Marvin A. Allison* and *Charles C. Pittard*, for defendant.

WYATT, Justice. ■ The case was submitted to the jury in the form of questions to be answered. The trial judge, in effect, directed a verdict in favor of the defendant insofar as the question of a private driveway was concerned, and submitted to the jury the question of damages caused to the plaintiff by alleged grading done by the defendant.

The first question to be decided is, did the trial judge err in directing a verdict against the contentions of the plaintiff as to the existence of a private driveway between the two lots in question? It was established by the evidence that the driveway

in question was located about one-half on the property of the plaintiff and about one-half on the property of the defendant. In widening the driveway on his side of the dividing line, the defendant had placed an obstruction along the center of the old driveway, and thus barred the plaintiff from using that portion of the old driveway located on the property of the defendant. Deeds and a plat introduced in evidence made no reference to a driveway. Pictures in evidence disclose very clearly that the plaintiff has ample room for a driveway on her property, providing ingress and egress to her property. This leaves for consideration only the question of whether the plaintiff established her right to use the driveway by prescription.

The driveway in question was first provided by Bona Allen Inc. at a time when the corporation owned five houses, all adjacent to each other. At the same time another driveway was provided between two other houses. The two driveways were used by all the tenants of the owner of the five houses, as well as by the public. We think that the use of these two driveways, under the facts of this case, was clearly permissive as to all parties. When the property was divided into lots for sale and a plat made, dated August 20, 1945, the owner of the property saw fit to place the dividing line between the lots in question in the center of one of these driveways. In doing so, means of ingress and egress was available to both lots. This the owner of all the property had a right to do. Under this view of the case, there could be no prescription prior to August 20, 1945.

"Whenever a private way has been in constant and uninterrupted use for seven years or more, and no legal steps have been taken to abolish the same, it shall not be lawful for anyone to interfere with said private way." Code, § 83-112.

"Possession must be adverse in order to form the basis for prescription. A notable exception exists, however, in the case of private ways. The use may originate in permission and yet may ripen by prescription." *Kirkland* v. *Pitman*, 122 *Ga*. 256 (50 S. E. 117). "When the use of a private way originates by permission of the owner, prescription does not begin to run until the user notifies the owner, by repairs or otherwise, that he has changed his position from that of a mere licensee to that of a prescriber." *First Christian Church* v. *Realty Investment Company*, 180 *Ga*. 35 (178 S. E. 303).

Since, in the instant case, the use of the driveway up until August 20, 1945, was clearly permissive as to all persons, under no view of the case did the plaintiff make out her case as to a prescriptive right to use the driveway.

■ It is insisted by counsel for the plaintiff in error, in the brief filed in this court, that the court erred in directing a verdict against the contentions of the plaintiff in the court below because of the provisions of the Code, § 83-114, which reads as follows: "When a road has been used as a private way for as much as one year, an owner of land over which it passes may not close it up without first giving the common users of the way 30 days' notice in writing, that they may take steps to have it made permanent."

This court in *Nugent* v. *Watkins*, 129 *Ga.* 382, 386 (58 S. E. 888), said: "The petitioner can not proceed on the ground alone that she has a perfect prescriptive right of way, and, failing to establish that, obtain a judgment on the ground that there was no written notice given by the owner of his intention to close up the road. She alleged that the private way in question had been in constant and uninterrupted use for seven years or more. This was denied. She must recover on the case which she made, if at all. If she desired to rely upon the closing of the road used as a private way by the owner thereof without written notice, she should have made proper allegations to invoke the law on that subject."

The plaintiff in the instant case based her petition solely on seven years' prescriptive use of the driveway in question.

■ The only question raised by the plaintiff in error concerning the failure of the jury to award her damages is an exception to the charge of the court. It is contended that the charge limited the right of the plaintiff to recover damages to the time since she went into possession of the property, that she bought the property several months before obtaining possession, and that the charge in this respect was, therefore, error. The language used by the trial judge on that question was as follows: "You will be confined in that inquiry to the time after plaintiff got possession of that lot as owner." We do not think that this language was calculated to mislead the jury. We think that this language could have been understood by the jury to refer to no other time

462

than the date when the plaintiff bought the property and thereby became the owner.

From what has been said above, it follows that no error was committed.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*