28340. SMITH et al. v. E. B. BURNEY CONSTRUCTION COMPANY et al.

Argued October 10, 1973 — Decided February 6, 1974 —
Rehearing denied March 7, 1974.

*Swertfeger, Scott, Pike & Simmons, M. T. Simmons, Jr., Richard P. Decker,* for appellants.

*George P. Dillard,* for appellees.

Grice, Presiding Justice. This appeal involves a dispute between adjoining landowners over an encroaching concrete driveway and dog pen.

The suit was initiated by Lurline T. Smith and Mark A. Smith, Jr., in the Superior Court of DeKalb County against E. B. Burney Construction Company and E. B. Burney.

The complaint alleged in substance that since 1957 the appellants had been owners of Lot 2, Block C of a certain described subdivision in DeKalb County and the appellees were in possession of a tract of land adjoining theirs; that the appellees had gone upon appellants' land to have a survey made of the property line; and that the appellees had stated their intention to enter upon their property with heavy equipment to grade and remove soil.

The prayers were for injunctive relief and rule nisi, and a temporary restraining order was issued against the acts of trespass complained of.

To this complaint the appellees filed an answer and counterclaim alleging in essence as follows: that E. B. Burney Construction Company had since November of 1972 been the owner of Lot 3, Block C of a certain described subdivision, which was adjacent to that of the appellants; that appellants had erected and were maintaining encroachments on their property by way of a concrete driveway and dog pen as shown on a plat attached as Exhibit "A"; that appellants had been asked to remove said encroachments, had refused to do so and had attempted to interfere with and obstruct appellees' agents, servants and employees; and that unless restrained and enjoined from doing so they would maintain the encroachments and appellees would suffer irreparable damage.

The prayers of the counterclaim were for injunctive relief and damages for the trespass.

Appellants subsequently amended their complaint by alleging the following particulars: that on their lot, in addition to the house,

there were located a concrete driveway and entrance to an underground air-raid shelter, a dog pen and other improvements; that the driveway and dog pen were constructed in 1958 and the shelter in 1962; and that they had maintained and used them continuously since their construction.

In Count 2 the appellants alleged that they had maintained these improvements openly and notoriously and that from time to time the appellee's predecessors in title had contended that the improvements had encroached on their property; and that if the trial court should determine that the driveway, shelter entrance and dog pen were not located on their property as contended in Count 1, then they had by reason of the facts alleged acquired a private way or easement by prescription and that the appellees are estopped to interfere with their use of these improvements on account of the acquiescence of their predecessors in title.

By a second amendment to their complaint, Count 3 prayed that a private way or easement by prescription for the improvements alleged be declared and that the appellees be permanently and temporarily enjoined from interfering with their use and maintenance.

The appellees moved to dismiss the amended complaint for failure to state a claim.

They also amended their counterclaim to show that they were in possession of a subdivision lot described by metes and bounds in their deeds under which their predecessors in title held the property; that they and their predecessors in title had been in constructive possession of this lot; that the property was unimproved until E. B. Burney Construction Company acquired title and began constructing a house; and that the appellants could not have acquired any prescriptive rights in this property because under Code § 85-404 no prescription could arise in their favor.

The prayers of the counterclaim sought to enjoin the appellants from interfering with the possession and use as a driveway of that portion of the property owned by E. B. Burney Construction Company on which the driveway encroached.

Upon a hearing after evidence was introduced, counsel for both parties consented to the appointment of an independent surveyor by the trial judge to survey the line between the lots owned by the parties and to be bound thereby.

The independent survey report and a plat were filed and made court's exhibits. They showed that the dividing line between the two lots and the encroachment on the appellees' property were

identical with those shown on the plat attached to the appellees' counterclaim.

After a subsequent hearing and court review of the survey report, the appellees filed a motion for judgment on the pleadings; and also a motion for summary judgment based upon the pleadings, the surveyors' report and plat marked as court exhibits, affidavits and the evidence adduced upon the hearings.

Thereupon the trial court entered an order granting a motion for summary judgment and after making findings of fact and conclusions of law, it concluded that the only fact about which there appeared to be any substantial controversy was the question of damages sought by the appellees' counterclaim and if any, the amount to be recovered.

The court decreed that E. B. Burney Construction Company be vested with fee simple title, unencumbered by any easement or prescriptive rights in the appellants, to the described Lot 3 of the subdivision because (1) the appellants did not obtain a parol license to install the driveway or other encroachments on Lot 3 so as to become an easement running with the land under Code § 85-1404 as contended; and (2) the appellants did not obtain an express grant for a private way, nor did they acquire a private way by prescription under Code § 85-1401 as alleged since permissive possession cannot be the foundation of a prescription. The appellants were enjoined from interfering with appellee's possession of the property and from maintaining the encroachments shown upon the plat attached to the court's exhibits.

No judgment was entered upon the appellees' counterclaim for damages.

The issue upon appeal is whether the trial court erred in rendering the foregoing judgment denying the appellants a trial by jury.

■ The contention of the appellants that title to the land on which the encroachments lie is in dispute cannot be sustained. The court ordered survey made by the independent surveyor, with the approval of both counsel and the stipulation that all parties would be bound thereby, conclusively established that E. B. Burney Construction Company was the record title holder to the property described as Lot 3 and that the appellants, who own the adjoining Lot 2, were encroaching upon appellee's property. There being no disputed issue of fact, it was not error for the court upon motion for summary judgment to decree title to Lot 3 to be in appellee.

The appellants contend however, that regardless of whether legal title to the encroachment area in dispute is in them, there are genuine issues of material facts as to whether they have acquired the legal right to encroach upon the area in dispute, and that therefore these issues should have been submitted to a jury. We deal with those issues now.

■ The appellants' contention that the court erred in finding that they were not the grantees of an executed irrevocable parol license over the property in question under Code § 85-1401 is likewise without merit.

The only evidence relating in any manner to an oral license is the affidavit of Linnell Edward Wallace, who was the owner of Lot 3 when the appellants purchased Lot 2 in 1957. An examination of this affidavit, however, clearly reveals that it does not constitute such an agreement.

Although the affidavit shows that Wallace was present at the time the appellants began construction of the driveway, observed its construction, and made no objection, there was no showing that he personally inspected the boundary lines. Moreover, his affidavit states that "it was his impression that at the time [appellants] located the subject driveway that said driveway was on the property of [appellants]; i.e., that he had no reason to believe otherwise." Furthermore, his deed to the subsequent owner of Lot 3 makes no reference to the driveway or any encroachment, but warrants title as shown on the original subdivision plat.

This fails to show any issue of fact as to a grant by him of a parol easement which became executed when acted upon by appellants.

■ Nor can the appellants prevail in their argument that they and Wallace had entered into an oral boundary line agreement so as to change the location from that originally set down to its present location.

Again, the only evidence even tending to provide any support for this contention is the affidavit of Wallace. However, this does not establish a boundary line which is any different from that shown on the recorded plat. Indeed, the iron pins referred to by Wallace as fixing the corners of the lots in question were found to be as described in the original plat by the court appointed surveyor, with a deviation of only 0.35 feet which could be accounted for by irregularities in the paving of the road and the length of cords used by the original surveyor to approximate the actual arcs of the curving lot frontages.

Thus the boundary line was not indefinite, unascertainable or

disputed and therefore it could not be established by an oral agreement between the coterminous landowners, as urged by appellants. See *Holland v. Shackelford*, 220 Ga. 104 (1) (137 SE2d 298) and cits.

Accordingly, no jury issue is presented as to a boundary line agreement.

■ The contention that the trial court erred in failing to submit the question of the appellees' laches to a jury is not valid.

The appellants apparently base this upon a theory of equitable estoppel, arguing that since they have maintained their driveway for fifteen years the appellee Construction Company and its predecessor in title have by lack of diligence waived any legal right to injunctive relief.

We conclude, however, that there was no question of fact as to laches to submit to a jury.

None results from the Wallace affidavit since he was estopped by the warranty in his deed to appellees' predecessor in title to assert a legal title to a boundary line different from that shown on the subdivision plat, which was proven to be correct by the independent survey. Code § 38-114. The appellees could not be guilty of laches since Burney promptly let the appellants know the existence of the boundary line by having his own survey made. Furthermore, as asserted by appellants' own pleadings, the predecessors in title to E. B. Burney Construction Company also complained of their encroachments.

■ We conclude, however, that the appellants have set forth evidence as to prescriptive title to a private way over the property upon which the driveway lies.

The appellees do not deny that the appellants have maintained and used the driveway continuously since it was constructed in 1958. They contend, however, that the appellants failed to show that they acquired a private way "by seven years' uninterrupted use through improved lands, or 20 years' use over wild lands" under Code § 85-1401, since there was no evidence that Lot 3 had been improved before the appellees acquired it in 1973.

We do not agree.

Under the ruling made by this court in *Hopkins v. Roach*, 127 Ga. 153, 154 (56 SE 303), all the lots in the Valley View Subdivision must be considered "improved lands" within the meaning of Code § 85-1401, whether grading or construction has begun upon them or not. As stated in that case, "The descriptive words, 'wild lands,' as used in this section, are employed in contradistinction to the

words 'improved lands.' *Watkins v. Country Club,* 120 Ga. 45. If a tract of land is cultivated in part, and a road through the entire tract traverses both field and woodland, the woodland adjacent to the field is not to be treated as 'wild' land. *Kirkland v. Pitman,* 122 Ga. 256. The land which the statute designates as 'wild' is that which is located separate and apart from lands which are partly in cultivation; it is a segregated tract of land remaining, as it were, in a state of nature, unenclosed, and with no indicia pointing to use by the owner. The woodland of a plantation is not 'wild land' simply because it is unenclosed, where it adjoins lands which are in cultivation and the woodland in its natural state is retained by the owner either for plantation uses or because he prefers to defer the time for bringing it into cultivation; it is not 'wild land,' but, in connection with that portion which is cultivated, constitutes a single tract of 'improved land.' *Hutchins v. Tenant,* 73 Ga. 95."

Since it is undisputed that the driveway here had encroached upon the appellee's land since 1958, the trial court erroneously found that no jury issue was invoked as to a preseciptive right of way. It follows that the injunction from maintaining the driveway was likewise error.

■ The rulings in the preceding divisions of this opinion control adversely to the appellants as to all other enumerations of error.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Ingram, J., who concurs specially, and Gunter, J., who dissents.*

INGRAM, Justice, concurring specially. In *Duncan v. Sluder,* 204 Ga. 458 (50 SE2d 78), it appeared a corporation erected five houses on a city street adjacent to each other. Plaintiff and defendant in that case each owned one of the houses with a driveway between them. The line between the property of the plaintiff and the defendant was approximately in the center of the driveway. It was used by the parties and the public until the defendant placed an obstruction along the center of the driveway which barred the plaintiff from using that part of the driveway located on defendant's property. The deeds and plat showed no driveway. The question was whether the plaintiff proved she had acquired a right to continued use of the entire driveway by prescription. This court found the evidence showed permissive use by the parties, and the public, of the driveway. Therefore, it was held the plaintiff did not make out her case as to seven years' prescriptive use of the driveway.

That case is significant here, perhaps as a physical precedent,

to suggest that seven years prescriptive use, rather than twenty, applies to a subdivision lot. The vexing point is, of course, whether this subdivision lot is "improved" land or "wild" land. It is wild land in the sense that no house or other structure has been erected on it. But it is improved land in the sense that the entire subdivision in which the lot is located has been improved through the installation of utilities (electricity, water and gas), the paving of streets and the construction of road curbing and laying out the various lots in the subdivision.

It may be closer to the truth to suggest the ancient origin of this statute did not contemplate the kind of factual situation, to wit, a modern subdivision, that we find in this case, and, therefore, the statute has no application. As I read the majority opinion and the dissenting opinion, the essential difference between them on this issue is the majority conclude this lot is improved land while the dissenting opinion concludes the lot is wild land. Since both opinions tacitly acknowledge the applicability of this statute to the factual situation in this case, I yield on this point and concur in the opinion of the majority. I believe the lot here involved more nearly fits the definition of improved land than wild land. Therefore, I concur in the majority opinion that a jury issue is presented as to the claim of a prescriptive private way.

GUNTER, Justice, dissenting. I think the trial court's judgment in this case was correct and it should be affirmed. I am in disagreement with Division 5 of the majority opinion and the corresponding partial reversal of the trial court's judgment.

This record shows that the appellants encroached upon an unimproved subdivision lot which did not belong to them by constructing their driveway on it. The lot of the appellants and the adjacent lot encroached upon by them both fronted on a public street.

The contention of the appellants is that they have acquired a private way over the adjacent subdivision lot by maintaining their driveway on it for a period of approximately fifteen years.

Code § 85-1401 provides in pertinent part as follows: "The right of private way over another's land may arise from . . . prescription by seven years' uninterrupted use through improved lands, or twenty years' use over wild lands; . . ."

The evidence in this case showed without dispute that no improvements were constructed on the adjacent, encroached upon subdivision lot by the owner thereof until after E. B. Burney Construction Company acquired title to it and began construction

of a house in 1973.

It is my position that for one to acquire a prescriptive easement across an unimproved subdivision lot, the period of prescription, where the prescriber has no color of title as in this case, must exist for twenty years or longer.

An unimproved subdivision lot is not, in my opinion, "improved lands" as those words are used in Code § 85-1401.

It is inconceivable to me that this court can hold that one encroaching upon a vacant, unimproved subdivision lot for a period of less than twenty years, the encroacher having no color of title as here, can acquire any right or interest, easement or private way in that portion of the vacant, unimproved lot encroached upon.

Possession to be the foundation of a prescription must be in the right of the possessor and must be accompanied by a claim of right. See Code § 85-402. I recognize that adverse possession of lands, under written evidence of title, for seven years can be a basis for prescriptive title (Code § 85-407), but there is no written evidence of title to the lot encroached upon in this case.

In 1872 in the case of *McKay v. Kendrick,* 44 Ga. 607 (2), this court said: "If, at the time his grantor makes the deed to him, such grantor, by accident or design, points out more land than the largest description in the deed will embrace, and the defendant takes possession of the whole tract so pointed out, he is in, as to the overplus, only by the pedis possessio, and cannot set up prescriptive title as to that part unless he has so held it for twenty years."

I can find no issue of fact for jury determination in this case; and I would therefore affirm the judgment of the trial court in its entirety.

I respectfully dissent.