## 52120. WILES et al. v. BROTHERS.

WEBB, Judge.

In this contested adoption case the petitioners, husband and wife, alleged that they were fit and proper persons to adopt the minor child of the wife by a former marriage, and that they were financially able to support and educate the child. They contended that the consent of the natural father of the child was unnecessary because he had abandoned the child and had wantonly and wilfully failed to comply with a child support order dated June 27, 1968, for a period in excess of twelve months prior to the filing of the adoption petition. The natural father denied the allegations.

After considering the petition and hearing testimony of the parties, the trial court made findings of fact[1] that the natural mother and father were divorced on June 27, 1968, and the court at that time fixed child support at $20 a week to be paid by the father to the mother, now Mrs. Wiles; that no payments had been made during a period of twelve months immediately preceding the filing of the adoption petition, but that the father had made numerous attempts during the year 1970 to pay child support tendered by mail which were unclaimed and returned to him; and that the natural mother and her present

---

[1]This case was originally appealed in September, 1975. By order of this court entered on November 18, 1975, the former appeal was remanded with direction that the trial court vacate the previous judgment and cause appropriate findings of fact and conclusions of law to be made, after which the losing party could enter a new appeal. *Wiles v. Brothers,* 136 Ga. App. 631 (222 SE2d 148).

husband together with the child in question moved to Coweta County on February 19, 1971, without advising the natural father of the move or of their new address or the location of the child.

The trial court concluded as a matter of law that the natural father had not abandoned his child nor had he wantonly and wilfully failed to comply with the child support order for a period of twelve months prior to the filing of the adoption proceeding; and that the petitioners not having obtained the consent of the natural father for the adoption of the child and such consent being a necessary requirement for the granting of the adoption, the adoption was denied. Mr. and Mrs. Wiles appeal.

1. "In the provision of the Georgia Adoption Act [Code Ann. § 74-403(2)], making unnecessary the father's consent to an adoption when the father has wantonly and wilfully for 12 months or longer failed to comply with a decree of a superior court ordering him to support the child, 'wantonly and wilfully' means without reasonable excuse, with a conscious disregard of duty, willingly, voluntarily, and intentionally." *Carpenter v. Forshee,* 103 Ga. App. 758 (3) (120 SE2d 786). The evidence here fully supports the finding of the trial court that the natural father did not wantonly and wilfully fail to comply with the child support order.

2. The court did not err in considering evidence of attempted child support payments made prior to the twelve month period immediately preceding the filing of the adoption petition. All the evidence introduced and admitted was relevant to the issues involved. Compare *Herrin v. Graham,* 87 Ga. App. 291 (73 SE2d 572) (evidence covering 20 years); *Johnson v. Strickland,* 88 Ga. App. 281 (76 SE2d 533) (10 years); *Carpenter v. Forshee,* 103 Ga. App. 758 (3), supra (4 to 5 years); *Hamrick v. Seward,* 126 Ga. App. 5 (189 SE2d 882) (2 years).

3. The court, having found that there was no parental consent nor abandonment by the natural father, was required to deny the adoption. *Herrin v. Graham,* 87 Ga. App. 291, supra. "If there is any evidence to support the findings of the trial court, we must affirm. [Cit.] The judge, sitting without a jury as the trior of factual issues,

is the judge of the credibility of the witnesses, including parties. [Cit.] On appeal the evidence is to be construed to uphold rather than to destroy the findings and judgment. [Cit.]" *Hamrick v. Seward,* 126 Ga. App. 5, 7 (1), supra.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED MAY 5, 1976 — DECIDED MAY 12, 1976.

*Johnson, Beckham & Prince, W. P. Johnson, E. Carl Prince, Jr.,* for appellants.
*Henry N. Payton,* for appellee.