52830, 52831. EVANS v. MARBUT et al. (two cases).

WEBB, Judge.

The trial judge, by stipulation of the parties hearing the case without a jury on an appeal from the probate court, had for resolution the question of which of two women, Irene Barrett Evans or Mary E. Evans, was the surviving widow of the late James Wesley Evans. Pursuant to Code Ann. § 81A-152 the court made findings of fact and conclusions of law, and ruled that Irene Barrett Evans was the lawful widow of the decedent. Mary E. Evans appeals. We agree with the trial court, and adopt as this court's opinion his findings of fact and conclusions of law.

The order of the court below reads in part: "James Wesley Evans and Irene Barrett Evans entered into a ceremonial marriage and were duly married on July 20, 1946, . . . One son, James Wesley Evans, Jr., was born as an issue of said marriage on October 17, 1947 . . . James Wesley Evans and Irene Barrett Evans lived together as husband and wife under said ceremonial marriage until May, 1952, when Irene filed suit for divorce against James in Chattooga Superior Court . . . A divorce decree was rendered in said case on August 2, 1952, dissolving the marriage between the parties of July 20, 1946, which final decree provided as follows: 'At the expiration of 30 days from this date judgment shall become of full force and effect, as by law provided.'

"On August 2, 1952, the date of the aforesaid divorce decree, Irene and James left the Courthouse together and on the way to Irene's mother's home, where she had been staying with their child during the pendency of the divorce, Irene told James he would have to move out of their home and James replied, 'Let's all go back to our house.' James promised Irene he would act and do right and then returned with their son to the home where they had all three lived prior to the May separation.

"James, Irene, and their son, James, Jr., continued to reside in their home on Dickeyville Road where they lived together as a family (with a possible short residency in Florida in the early part of 1953) until Friday following Thanksgiving Day in the year 1953, at which time James

and Irene reaffirmed their marriage vows in the presence of a minister and other witnesses, although this ceremony was performed without complying with the Licensing Law of the State of Georgia.

"James Wesley Evans and Irene Barrett Evans lived together in homes with their son, James, Jr., from August the 2nd, 1952 until the month of May, 1963 when they became separated. During this period of time the parties cohabited as husband and wife, shared the same bedroom, performed sexual relations, held themselves out to the people of the community as husband and wife and were reputed to be husband and wife by their friends, neighbors and relatives. Few of the people knew that Irene had obtained the divorce from James on August 2, 1952. In addition, James paid all of the family bills, the parties purchased various policies of insurance as owners naming the spouse as beneficiary, they acquired cemetery lots by joint contract in 1960, jointly registered a dog with the American Kennel Society in 1962, opened and maintained a joint bank account, and each of them at various intervals receiving and signing James Jr.'s school report card.

"In May, 1963, James and Irene separated, Irene leaving the home of James and started living with Rufus Marbut in or about the year 1964 or 1965. Irene adopted the name of Marbut, obtained a driver's license in the name of Irene Marbut, and held herself out as the wife of Rufus Marbut and has continued to do so from that day up until the date of the hearing in October, 1975.

"In 1964 James Wesley Evans, Sr. started dating Mary E. Maddux, who on September 25, 1965, started living with James and claiming to be married to him, thereby adopting the name of Mary E. Evans. Mary E. Maddux (Evans) was married to George Graham Maddux in 1956 and divorced from him in 1965.

"Mary E. Maddux (Evans) and James Wesley Evans, Sr. continued to live together from 1965 until July 25, 1967, when they entered into a ceremonial marriage in Trenton, Georgia. Subsequent to this purported ceremonial marriage, two children, twin sons, were born to James and Mary in 1973 and thereafter James, Mary, and the twin sons lived together, holding themselves out

as husband and wife and a family, until the death of James Wesley Evans on December 6, 1974.

"No divorce was granted to James Wesley Evans or Irene Barrett Evans subsequent to the divorce granted . . . on August 2, 1952.

"At the time of the death of James Wesley Evans, Sr. on December 6, 1974, he left three legal children surviving, James Wesley Evans, Jr., James Tracy Evans, and John Stacy Evans, the latter two being twins, ages 3-1/2 years at the time of the hearing on October 9-10, 1975.

"The divorce decree . . . rendered on August 2, 1952 became final and in full force and effect 30 days thereafter and dissolved the ceremonial marriage between the parties on July 20, 1946.

"The question . . . is whether subsequent to the divorce Irene and James Evans entered into a common law marriage.

"Section 53-101 enumerates the essential elements of a marriage in Georgia as follows: (1) parties able to contract; (2) an actual contract; (3) the consummation of the contract according to law. The three requirements of 53-101 must be met all at one period in time in order for there to be a common law marriage. The Court concludes based upon the findings of fact aforesaid that as a matter of law Irene Barrett Evans and James Wesley Evans, Sr. subsequent to August 2, 1952 and 30 days thereafter met all of the requirements of Code § 53-101; that is, they were parties able to contract, they entered into an actual contract of marriage and consummated the same according to law, and based upon the authorities of *Brown v. Brown*, 234 Ga. 300 (215 SE2d 671) (1975) and cases therein cited, the Court concludes as a matter of law that the common law marriage between the parties was never dissolved, either by death or divorce, until December 6, 1974, the day of the death of James Wesley Evans, Sr., and that, therefore, Irene Barrett Evans was the legal surviving spouse of James Wesley Evans, Sr. on that date.

"The Court further concludes that where a common law marriage has been satisfactorily proved, inconsistent acts and declarations of the parties subsequent thereto, although entitled to consideration, do not overcome the

direct proof of the existence of the marriage (55 CJS [Marriage] Section 45(c), p. 914)." See *Pickren v. Pickren,* 190 Ga. 609, 610 (10 SE2d 40) (1940).

Where a case is submitted to the judge for trial and decision, without a jury, his finding is given the same weight as a verdict, and if there is any evidence to support it, this court will not disturb the finding "unless clearly erroneous." Code Ann. § 81A-152 (a); *Kingston Development Co. v. Kenerly,* 132 Ga. App. 346, 348 (1) (208 SE2d 118) (1974); *Wiles v. Brothers,* 138 Ga. App. 616, 617 (3) (226 SE2d 805) (1976). Here the findings of fact and conclusions of law entered by the trial tribunal were amply supported by the evidence.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED OCTOBER 4, 1976 — DECIDED OCTOBER 21, 1976 — REHEARING DENIED NOVEMBER 4, 1976 —

*Boney & Boney, William U. Hyden, Jr., F. H. Boney,* for appellant.

*Joseph E. Loggins,* for appellees.