## 56551. MULLINS v. ODEN & SIMS USED CARS, INC.

BIRDSONG, Judge.

The appellant Mullins brought suit against Oden & Sims Used Cars, Inc. ("Oden & Sims") seeking damages arising out of the sale of a used automobile. Oden & Sims counterclaimed seeking the recovery of the balance of the purchase price on the automobile. After a bench trial, the trial court adjudicated all claims against the parties asserting them, and Mullins appeals. *Held:*

1. Mullins enumerates as error the refusal of the trial court to allow the voluntary dismissal, at the end of the trial, of Counts 1 and 2 of his complaint. However, Code Ann. § 81A-141(a) provides: "If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." The defendant having entered an objection, the trial court did not err in disallowing Mullins' dismissal of Counts 1 and 2 of his complaint. See *Worthen v. Jones,* 240 Ga. 388 (240 SE2d 842); *Arrendale v. Arrendale,* 228 Ga. 295 (185 SE2d 83); *M&M Mars v. Jones,* 129 Ga. App. 389 (199 SE2d 617).

2. The trial court found that the contract for the sale of the vehicle was a straight sales agreement, with no credit or finance charges involved, and, further, that the appellant had failed to establish that the appellee was a "creditor" within the meaning of the Truth in Lending Act (15 USC § 1601 et seq.) Accordingly, the trial court adjudicated the appellant's Truth in Lending claim adversely to the appellant. The trial court also found that no purchase money security interest arose out of the transaction and, accordingly adjudicated appellant's Motor Vehicle Sales Finance Act (Code Ann. § 96-1001 et seq.) claim adversely to appellant. Finally the trial court determined that, at all times relevant, the appellant had "acquired no right, title, or interest in and to the vehicle," and therefore adjudicated appellant's conversion claim adversely to appellant.

"Where a case is submitted to the judge for trial and

decision, without a jury, his finding is given the same weight as a verdict, and if there is any evidence to support it, this court will not disturb the finding 'unless clearly erroneous.' [Cits.]" *Evans v. Marbut,* 140 Ga. App. 329, 332 (231 SE2d 94); Code Ann. § 81A-152 (a). The findings of fact and conclusions of law entered by the trial court were supported by the evidence and were not "clearly erroneous," and no reversible error appears.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 20, 1978—DECIDED OCTOBER 30, 1978—
REHEARING DENIED NOVEMBER 28, 1978 —

*Joseph H. King, Jr.,* for appellant.

*Thompson, Stovall, Stokes & Thompson, James F. Stovall, III,* for appellee.