76709. LAWHORNE v. HORACE.
(373 SE2d 263)

McMURRAY, Presiding Judge.

Appellant filed an application for removal of an obstruction in a private way pursuant to OCGA § 44-9-59 in the Probate Court of DeKalb County. Upon the denial of his application he appealed directly to this court under the authority of OCGA §§ 15-9-120 and 15-9-123 (a).

The facts presented to the probate court showed that in 1971 Reverend Joe Hughes constructed two homes on two abutting tracts of land. During construction of these houses Hughes sold the tract now owned by appellant to Robert Loden, and he and Loden created a gravel driveway to these houses along what they believed was their mutual boundary line. However, subsequent surveys disclosed that most of the roadbed lay on Hughes' land. In 1976 Loden transferred

his property to Larkin W. Freshour, appellant's immediate predecessor in title. Freshour testified that he used the driveway with Hughes' permission, and that maintenance and repairs were shared with the understanding that each would do whatever was necessary for upkeep. In October of 1987 Hughes sold his land to appellee, who expressed some concerns to both Freshour and Hughes about the mutual driveway. Appellee told Freshour, who knew most of the driveway was on appellee's land, that if Freshour sold his land he would build a fence along the property line. When Freshour sold his property to appellant, appellee had the land surveyed and erected a fence one foot inside his property line thereby denying appellant effective use of the driveway. Appellant initiated proceedings seeking to establish prescriptive title by showing constant and uninterrupted use of the driveway by his predecessors in title for a period of more than seven years. *Held*:

" 'In order to sustain (a proceeding under OCGA § 44-9-59 (a) to remove an obstruction from a private way) it is necessary for the applicant to show that he has been in uninterrupted use of the way for seven years or more, that it does not exceed 20 feet, (OCGA § 44-9-40 (a)) in width, that it is the same number of feet originally appropriated, and that he has kept it open and in repair during such period. (Cits.)' [Cit.]" *Rizer v. Harris*, 182 Ga. App. 31 (2), 32 (354 SE2d 660) (1987). While possession ordinarily must be adverse to form prescription, in the case of private ways " '[t]he use may originate in permission and yet may ripen by prescription.' [Cit.] 'When the use of a private way originates by permission of the owner, prescription does not begin to run until the user notifies the owner, by repairs or otherwise, that he has changed his position from that of a mere licensee to that of a prescriber'. [Cit.]" *Duncan v. Sluder*, 204 Ga. 458, 459 (1) 460 (50 SE2d 78) (1948).

Appellant contends that the facts here met all these tests, and that the probate court erred in concluding that because the repairs made by his predecessors in title were with the consent and aid of the owner they were insufficient to acquire prescriptive title. We do not agree. "The gist of the requirement as to repairs is not so much the repairs as the *notice* which is given by the repairs." *First Christian Church v. Realty Investment Co.*, 180 Ga. 35, 39 (178 SE 303) (1934). "Thus, the crux of the requirement for repairs lies not in the actual effectuation of repairs by the prescriber but in the notice of adverse use the performance of such repairs would give to the property owner." *Rizer v. Harris*, supra at 33. Appellant's predecessor in title not only testified that he had made no adverse claims as to use of the mutual driveway, but that if necessary he would have put in his own driveway. Any repairs or maintenance he did were done with the consent and approval of the owner, and therefore clearly insufficient as

notice of adverse use to acquire any prescriptive right or title to the roadway. It follows that the probate court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 16, 1988.

*Kirby G. Bailey*, for appellant.
*John M. Hyatt*, for appellee.