77835. HENDERSON v. CAM DEVELOPMENT COMPANY.
(378 SE2d 495)

MCMURRAY, Presiding Judge.

Plaintiff filed a petition in the probate court to remove an obstruction from a private way. See OCGA § 44-9-59. It was alleged that plaintiff's property is served by a private way which lies in part upon land owned by defendant; and that defendant obstructed the private way by placing a fence across it. Defendant answered the petition, denying that plaintiff was entitled to a right of private way upon defendant's land.

The case was tried by the probate court sitting without a jury. Upon the conclusion of the case, the probate court denied plaintiff's petition for removal. It determined that defendant's property was "wild land" and that plaintiff did not demonstrate 20 years use of the private way by prescription. See OCGA § 44-9-1.

Plaintiff's motion for new trial was denied and he now appeals. *Held*:

In order to remove an obstruction from a private way over improved land, the user must demonstrate uninterrupted use for a period of seven years or more. OCGA § 44-9-59. In order to remove an obstruction from a private way over wild land, the user must demon-

strate 20 years use. *Watkins v. Country Club*, 120 Ga. 45 (47 SE 538); OCGA § 44-9-1.

Determining that the private way was over wild land and that plaintiff used the way by prescription for less than 20 years,[1] the probate court denied plaintiff's petition for removal. Was the private way over wild land or was it over improved land?

"The descriptive words, 'wild lands,' as used in this section [OCGA § 44-9-1], are employed in contradistinction to the words 'improved lands.' *Watkins v. Country Club*, 120 Ga. 45. If a tract of land is cultivated in part, and a road through the entire tract traverses both field and woodland, the woodland adjacent to the field is not to be treated as 'wild' land. *Kirkland v. Pitman*, 122 Ga. 256. The land which the statute designates as 'wild' is that which is located separate and apart from lands which are partly in cultivation; it is a segregated tract of land remaining, as it were, in a state of nature, unenclosed, and with no indicia pointing to use by the owner. . . ." *Hopkins v. Roach*, 127 Ga. 153, 154 (56 SE 303). Accord *Smith v. E. B. Burney Constr. Co.*, 231 Ga. 772, 777, 778 (204 SE2d 93).

Defendant purchased its property in March 1986. It was situated in DeKalb County, Georgia and consisted of approximately 50 acres. Defendant developed the land into a subdivision.

Plaintiff resides on adjacent property. The property had been in plaintiff's family for years. Plaintiff's father built a house on it in 1955.

Plaintiff testified that the land which defendant purchased was "developed" previously. The land had been cleared and used as a picnic area by members of the community. Buildings and a barn were placed upon it. At one point, plaintiff used the barn for storage.

The buildings and barn were old and dilapidated and they had not been used for some time. But they had been there, nonetheless.

One of defendant's officers testified that at the time defendant purchased the property there were no signs that it had been "utilized within recent years." He saw "no sustained development or anything that would indicate any continued use or development of the property." Another officer concurred: There were no "permanent" signs of development on the property. Asked if there were any old, dilapidated buildings, however, the officer allowed: "There was something that resembled trash piles down in there. There may have been part of a foundation that may have existed at one time somewhere in the center of the property, but nowhere in question right here."

We think the foregoing evidence is susceptible to but one conclu-

---

[1] In view of its ruling, the probate court deemed it unnecessary to determine whether plaintiff used the way by prescription for seven or more uninterrupted years.

sion — defendant's property was "improved" land. The evidence demonstrates that the land did not remain in a "state of nature." See *Hopkins v. Roach*, 127 Ga. 153, 154, supra. It was cleared and built upon. The mere fact that the property may not have been used at the time it was purchased by defendant does not render it "wild land." Indicia pointing to use by the previous owners remained. See *Hopkins v. Roach*, 127 Ga. 153, 154, supra.

*Judgment reversed. Carley, C. J., Deen, P. J., Banke, P. J., Birdsong, Sognier, Benham and Beasley, JJ., concur. Pope, J., dissents.*

POPE, Judge, dissenting.

As reflected in the majority opinion, conflicting evidence was presented at trial concerning whether defendant's property had, at any time in the past, been developed. "The 'any evidence' rule applies in cases where the trial judge acts as the fact finder, and his judgment will not be disturbed if there is any evidence in the record to sustain it." *Harrison v. Harrison*, 159 Ga. App. 578, 578-579 (284 SE2d 83) (1981); accord *Barrell v. Gibson*, 153 Ga. App. 621 (266 SE2d 308) (1980). Where evidence exists to support the verdict, it will not be disturbed unless clearly erroneous. *Mullins v. Oden & Sims Used Cars*, 148 Ga. App. 250 (251 SE2d 65) (1978); *Evans v. Marbut*, 140 Ga. App. 329 (231 SE2d 94) (1976). The verdict here, which was supported by testimony, was not clearly erroneous. The probate court judge in this case heard the testimony, was in a position to judge the credibility of the witnesses and was presented with demonstrative evidence in the form of photographs of the land in question which do not appear in the record on appeal. The trial court was in a better position to rule upon conflicting evidence than is this court and thus the verdict should not be disturbed.

DECIDED JANUARY 27, 1989 —
REHEARING DENIED FEBRUARY 7, 1989 —

*Weeks & Candler, Terri A. Candler*, for appellant.
*Lawson & Fuller, John W. Lawson*, for appellee.