## 28033, 28040. MARTIN v. FIRST STATE BANK & TRUST COMPANY et al.; and vice versa.

GUNTER, Justice. These cases, an appeal and a cross appeal, come here from judgments denying motions for summary judgments made by both sides. The trial judge granted certificates for immediate review.

The appellant in No. 28033 is the appellee in No. 28040, and he will be referred to in this opinion as Mr. Martin. The appellees in No. 28033 are the appellants in No. 28040, and they will be referred to in this opinion as the trustees.

This action originated when Mr. Martin filed a complaint against the trustees seeking to enjoin the trustees from interfering with his use of a road or street adjacent to his property. The trial judge entered a temporary injunction in favor of Mr. Martin which is

still in effect.

On January 10, 1966, the trustees' predecessor in title conveyed a tract of land to Mr. Martin described in part as follows: "Begin at southwest corner of said lot Number 15 and go north 52° 7″ west, along the right-of-way of Seaboard Airline Railroad, a distance of 250.45 feet to the south right-of-way of a proposed street. Go thence south 89° 34″ east, along the south right-of-way of said proposed street, a distance of 390.68 feet. Go thence south 0° 25-1/2″ west, a distance of 150 feet to the south line of said Lot Number 15; go thence north 89° 34-1/2″ west, along the south line of said Lot Number 15, a distance of 190.11 feet to the point of beginning."

It is thus seen that the land conveyed was adjacent to a "proposed street" for a distance of 390.68 feet. It is undisputed that the grantor in the deed owned the adjacent land on which the proposed street was to be located. Mr. Martin contends that the proposed street was established by the grantor in the deed on or about June 16, 1969, and that he, Mr. Martin, has been using the street for ingress and egress to and from the tract described in the deed since that time.

The trustees contend that the deed of June 10, 1966, conveyed to Mr. Martin only the land described within the boundaries stated in the deed, and that Mr. Martin did not and has not acquired an easement or any interest in the "proposed street" land which, though adjacent to the Martin tract, is owned in fee by the trustees. The trustees further contend that since the "proposed street" land is theirs, they can exercise complete control over it, thereby barring its use to Mr. Martin.

The issue presented for decision is this: Did the June 10, 1966, conveyance grant to Mr. Martin an easement in the "proposed street" over land retained by the grantor but adjacent to the tract conveyed by the grantor to Mr. Martin?

We hold that it did.

In an annotation in 46 ALR2d 455, 463, we find the following: "Regardless of whether the way referred to actually exists as such, it is generally held that where a street or other way is called for as a boundary in a conveyance of land, and the grantor owns the fee in the land represented as the way or street, he is estopped, as against the grantee, to deny that the street or other way exists, and an easement in such way passes to the grantee by implication of law." Cases from many jurisdictions, including Georgia, are cited in support of this proposition.

In the case of *Johnson & Co. v. Arnold,* 91 Ga. 659, 667 (18 SE 370), Chief Justice Bleckley said: "And as we have already stated, we think it makes no difference in this respect whether the road spoken of in the deed is already in existence as a way in actual use, or is unopened and only a road in contemplation. To bound land by a road in describing a tract is to say either that a road is already at the location indicated, or that there may be one there hereafter at the pleasure of the vendor or of the vendee, either or both. When a road is mentioned as a boundary, it should generally be understood that the boundary intended is a road as a road or way, and not as embracing the physical substance of the soil in and under the road, all the way down to the center of the earth. In other words, a road as a boundary is the road as an easement, together with such land, or interest in land, as is necessary to full enjoyment of the easement, but no more."

In the present case the "proposed street" over the grantor's land was not in existence at the time of the conveyance to Mr. Martin. However, the summary judgment evidence shows that this street was established on or about June 16, 1969, and thereafter used by Mr. Martin and others. Mr. Martin was therefore entitled to the temporary injunction awarded him by the trial court; Mr. Martin was also entitled to summary judgment in his favor; and the trial court's judgment denying summary judgment for the trustees is correct.

*Judgment in No. 28033 reversed with direction; judgment in No. 28040 affirmed. All the Justices concur.*

ARGUED JULY 9, 1973 — DECIDED NOVEMBER 29, 1973 — REHEARING DENIED DECEMBER 17, 1973.

*Vansant & Engram, B. Sam Engram, Jr.,* for appellant.
*Landau, Farkas & Davis, James V. Davis,* for appellees.