## S98A1521. FOREHAND et al. v. CARTER et al.
(512 SE2d 611)

SEARS, Justice.

This case concerns the ownership and use of a 20-foot wide alley in the City of Sylvester, Georgia (the City). The trial court ruled that the Forehands had title to part of the alley by prescription, and that they had an easement in other parts of the alley. The trial court, however, awarded title to the remainder of the alley to the appellee, Fred Carter, and awarded him an easement as to the part of the alley awarded to the Forehands. The Forehands have appealed, and for the reasons that follow, we affirm in large part and reverse only the trial court's ruling that the Forehands will forfeit their prescriptive easement if they do not use it for six months or if they do not maintain it.

The Forehands own four lots in the City that run east to west from Livingston Street to Monroe Street, and are all 150 feet in length running south to north. The Forehands' lot that faces Livingston Street is Lot 2 of Block 3 of the City of Livingston, and is the lot on which their home is located. The Forehands' other lots, running east to west from Lot 2 of Block 3 are Lot 1 of Block 3, Lot 2 of Block 2 and Lot 1 of Block 2. The alley runs immediately south of the Forehands' four lots, and immediately south of the alley are the four lots owned by Carter. Carter's lots also run east to west from Livingston Street to Monroe Street, and also are all 150 feet in length running south to north.

The Forehands filed this action against Carter and the City, contending in one count of their complaint that, if the City had no interest in the alley, the Forehands had acquired either title or an easement to the alley by adverse possession. In another count of the Forehands' complaint, they contended that, if the alley had been dedicated to the City, then (1) the City still owned the alley because it had never been properly abandoned by the City, or (2) the City had properly abandoned the alley and the Forehands owned the half of the alley adjacent to their property because they are adjacent property owners.[1]

The trial court concluded that the alley had never been dedicated to the City; that the Forehands had acquired fee simple title by prescription to the northernmost ten feet of the alley for the distance that the alley borders the lot on which their house is located (Lot 2 of Block 3); that Carter had fee simple title to the southernmost ten feet of that portion of the alley; and that the Forehands and Carter had

---

[1] The Forehands also made the same contentions regarding an unopened street and two smaller alleys that abut only their property and not Carter's. Neither of the defendants, however, contested these contentions, and the trial court made no ruling regarding them. Therefore, we make no ruling regarding them in this appeal.

the right to use each other's ten-foot strips of the alley in order to access their own property. The trial court also ruled that the Forehands had acquired a prescriptive easement to the northernmost ten feet of the alley that borders Lot 1 of Block 3 (which is the Forehands' lot that is located immediately west of the lot on which their home is located), but that Carter had fee simple title to that portion of the alley, as well as to the entire twenty-foot width of the alley that ran south of the Forehands' remaining two lots.

1. The Forehands first contend that the trial court erred in finding that the alley had never been dedicated to the City. We disagree. Although there may be an express dedication of a street to the public by deed or by subdividing a tract of land into lots and recording a plat that designates streets,[2] the record in this case demonstrates that there was never an express dedication of the alley to the City by either of these methods. Moreover, the evidence supports a finding that there was not an implied dedication of the alley to the public. First, although there was some evidence that the county graded a part of the alley in the 1970s, it has not been done since that time, and there was no evidence that it was done with the permission of the owner. "It is established that by permitting public authorities to occasionally scrape and grade a private road, a property owner does not manifest an intention to dedicate the roadway."[3] Moreover, we find no other evidence supporting the Forehands' contention that there might have been an implied dedication, and thus conclude that the trial court did not err in finding that there had not been a dedication of the alley to public use.[4]

2. In their second enumeration of error, the Forehands contend that the trial court erred in concluding that they were not entitled to an easement in the entire length of the alley. We find no error. First, it should be noted that the trial court awarded the Forehands title to the northernmost ten feet of the alley where it adjoins Lot 2 of Block 3 (the lot on which their home is located), awarded them an easement to the southernmost ten feet of that portion of the alley, and ruled that they had acquired an easement by prescription to the northernmost ten feet of the part of the alley that borders Lot 1 of Block 3. These rulings are consistent with the evidence of adverse possession, and with the fact that the 1960 deed conveying the lot on which the Forehands' home is located made specific reference to the alley, thus justifying an award of an easement to the southernmost ten feet of

---

[2] See *Ketchum v. Whitfield County*, 270 Ga. 180, 181-182 (508 SE2d 639) (1998); *Cobb County v. Crew*, 267 Ga. 525, 527 (481 SE2d 806) (1997).

[3] *Chandler v. Robinson*, 269 Ga. 881, 882-883 (506 SE2d 121) (1998).

[4] See id. at 883.

that part of the alley.[5] The 1979 deed conveying the remaining three lots to the Forehands, however, did not refer to the alley, and the Forehands therefore are not entitled to an easement in the alley under the doctrine that, when a deed describes the land conveyed as bounded by a road, the law implies the grant of an easement to the road.[6] Moreover, although a purchaser of land acquires an easement in areas set aside for the purchaser's use "when property is subdivided and a conveyance is made according to a recorded plat,"[7] there has been no subdivision of the property in question in this case, and the Forehands therefore are not entitled to an easement in the alley under this theory.[8]

3. With regard to the prescriptive easement that the trial court ruled the Forehands had acquired to the northernmost ten feet of the alley where it borders Lot 1 of Block 3, the trial court required the Forehands "to maintain the condition of the land in at least as good condition as it now exists and to keep the same mowed as has been the custom; any failure to use or maintain the condition of the easement for a period of six (6) months shall result in a forfeiture of the easement for ingress and egress." In their third enumeration of error, the Forehands contend that the trial court erred in imposing this maintenance and use requirement. We agree that the trial court erred in imposing the use requirement, but we find no error in the maintenance requirement.

An easement arising from prescription may be lost by abandonment or nonuser for a period that generally follows the prescriptive period.[9] Whether an easement has been lost by abandonment or nonuse is a mixed question of fact and law, and is a decision for a jury where there is a conflict in the evidence.[10] For these reasons, the trial court erred in ruling that a period of nonuse for six months would result in a loss of the Forehands' easement. In addition, although the trial court did not err in ordering the Forehands to maintain the portion of the alley to which they had acquired an easement,[11] the court erred in ruling that the easement would be forfeited if they did not do so.[12]

---

[5] See *Martin v. First State Bank &c. Co.*, 231 Ga. 511, 512-513 (202 SE2d 447) (1973).

[6] See *Martin*, 231 Ga. at 512-513.

[7] *Sadler v. First Nat. Bank of Baldwin County*, 267 Ga. 122 (1) (475 SE2d 643) (1996).

[8] We note that the Forehands do not contend that they are entitled to any further easement by prescription. In this regard, the evidence shows that the part of the alley that adjoins the Forehands' lots that are located behind Lots 1 and 2 of Block 3 have never been used by the Forehands, and that that part of the alley in fact always has been wooded.

[9] See Pindar, Ga. Real Est. Law, §§ 8-29, 8-31 (4th ed.); OCGA § 44-9-6.

[10] See *Jackson v. Chatham County*, 225 Ga. 641, 644 (170 SE2d 418) (1969).

[11] See Pindar, § 8-30; *Kiser v. Warner Robins Air Park Estates*, 237 Ga. 385, 386-387 (228 SE2d 795) (1976).

[12] *Kiser*, 237 Ga. at 386-387. According to Pindar, if the easement is not maintained,

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED FEBRUARY 22, 1999.

*Gary L. Moser,* for appellants.
*Clarence A. Miller,* for appellees.

---

"the servient owner is left to his remedy in the courts by way of injunction and damages." Pindar, § 8-30.