A00A2083. MARTIN et al. v. SARAH RHODES, LLC et al.
(548 SE2d 365)

ANDREWS, Presiding Judge.

The sole issue before the court in this case is the width of an easement. The Sloans and Martin claim they are entitled to an easement of 60 feet across Sarah Rhodes' property. The trial court found the existing 25-foot right-of-way was sufficient for full enjoyment of the easement and the Sloans had not shown a reasonable necessity for a wider access route to their property. For reasons which follow, we agree and affirm.

This easement was the subject of an earlier case in the Supreme Court of Georgia, *Martin v. First State Bank &c. Co.*, 231 Ga. 511

(202 SE2d 447) (1973). That case sets out the history of the easement and deals with a complaint by Martin, the grantee, against the grantor's successors in title who tried to bar his right-of-way. Originally, the grantor, Davis, sold a one-acre tract of land to Martin.[1] The deed for this tract referred to the northern boundary line of the one-acre tract as running 390.68 feet along the south right-of-way of a "proposed street" on land still owned by Davis. *Martin*, supra at 512. Although the proposed street was not in existence at the time of the conveyance, the court in *Martin* found that it had been established and in use for several years when the trustees of the Davis estate sought to bar Martin's use of the easement. Id. at 513. The Supreme Court held that Martin was entitled to use this road as an easement, stating

> "[r]egardless of whether the way referred to actually exists as such, it is generally held that where a street or other way is called for as a boundary in a conveyance of land, and the grantor owns the fee in the land represented as the way or street, he is estopped, as against the grantee, to deny that the street or other way exists, and an easement in such way passes to the grantee by implication of law."

Id. at 512. The court then went on to state,

> "[w]hen a road is mentioned as a boundary, it should generally be understood that the boundary intended is a road as a road or way, and not as embracing the physical substance of the soil in and under the road, all the way down to the center of the earth. In other words, a road as a boundary is the road as an easement, together with such land, or interest in land, as is necessary to full enjoyment of the easement, but no more."

Id. at 513.

The instant case arose when Rhodes purchased the servient estate from the Davis estate and cut down trees and put up buildings on property the Sloans and Martin claimed as their easement.[2] The

---

[1] Martin later conveyed this tract of land to his son, who then conveyed it to his sister Shirley Sloan and her husband.

[2] Martin also purchased another tract of land from Davis which was adjacent to and east of the initial one-acre tract. He now claims on appeal that he has acquired a prescriptive easement to the 60-foot strip because he used it continuously for almost 30 years. Rhodes claims this was never argued below. In any event, there is no merit to this contention because a private way may not be acquired by prescription where use is with the owner's permission. See, e.g., *Douglas v. Knox*, 232 Ga. App. 551, 552 (502 SE2d 490) (1998). There is

Sloans sought an injunction, and the court held a bench trial on their claim. The parties stipulated at trial that an easement existed and the only issue was the width of that easement. They agreed there was never anything of record stating the width of the easement and that the width of the easement was not an issue before the court in *Martin*, supra.

The trial court found that the Sloans were entitled to only that amount of land reasonably necessary to full enjoyment of the easement and the existing 25-foot right-of-way was sufficient for this purpose. This appeal followed.

In reviewing the evidence, we note that testimony from long-time users and also photographs of the easement show that at one time there was a two-track lane on one side of a row of pecan trees and another two-track lane on the other side of the trees. In recent years, the two lanes on the north side of the trees were used more than the lanes on the south side, and those two southern lanes disappeared, leaving a grassy area.

The easement now is just the one two-track lane, approximately twenty-five feet wide, which Rhodes has improved by grading, filling and graveling it. Nevertheless, the Sloans and Martin contend they are entitled to the 60-foot easement that existed when the court handed down its decision in *Martin* in 1973. They argue that when Davis originally laid out the road, it was 60 feet wide and this is the easement the Supreme Court held Martin was entitled to use. Therefore, they claim the trial court erred when it heard evidence on the amount of land reasonably necessary for full enjoyment of the easement.

We disagree. Not only does *Martin* not refer to an easement of any specific width, as stated above, it refers to this type of easement by implication as being "an easement, together with such land, or interest in land, as is necessary to full enjoyment of the easement, but no more." Id. at 513.

Moreover,

> [i]t is established law in this State, and generally, that nothing passes as an incident to the grant of an easement but what is requisite to its fair enjoyment. Notwithstanding such a grant, there remains in the grantor the right of full dominion and use of the land, except so far as a limitation thereof is essential to the reasonable enjoyment of the easement granted. It is not necessary that he should expressly reserve any right which he may exercise consistently with a

---

no evidence Martin ever made an adverse claim or gave notice of one to the party in possession. Id.

fair enjoyment of the grant. Such rights remain with him because they are not granted.

(Citations omitted.) *Ga. Power Co. v. Leonard*, 187 Ga. 608, 610-611 (1 SE2d 579) (1939).

*Thomason v. Kern & Co.*, 259 Ga. 119 (376 SE2d 872) (1989), cited by the Sloans is not helpful. In *Thomason*, the easement at issue was prescriptive and, therefore, could not be altered. The court reasoned that because

[o]ne who would acquire a prescriptive easement must not have shifted the path from place to place during the establishment period[, i]t follows that once the easement has been acquired, the owner of the servient tenement may not alter the path of the easement.

(Citation omitted.) Id. at 120.

Here, the trial court correctly concluded that because this easement was an implied one, the appropriate inquiry was whether the existing 25-foot right-of-way was sufficient for full enjoyment of the easement. The trial court determined that it was, and appellants do not dispute this finding on appeal. Accordingly, we affirm the judgment of the trial court. OCGA § 9-11-52 (a).

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 6, 2001 —
RECONSIDERATION DENIED MARCH 20, 2001 —

*B. Samuel Engram, Jr.*, for appellants.

*Moore, Clarke, Duvall & Rodgers, James H. Moore III, Edgar W. Duskin, Jr.*, for appellees.