S01G1035. SLOAN et al. v. SARAH RHODES, LLC et al.
(560 SE2d 653)

CARLEY, Justice.

Appellees Sarah Rhodes, LLC, Ben Barrow and L. Lamar Reese own real property through which runs an easement of access to and from a one-acre parcel belonging to Appellants Shirley and Wallace Sloan. Appellant Thomas Martin is the former owner of Appellant Sloans' property and easement, and he is the present owner of another parcel adjacent thereto. The sole question presented for resolution by this case is the width of the easement across Appellees' tract.

A history of the creation of the easement appears at *Martin v. First State Bank & Trust Co.*, 231 Ga. 511 (202 SE2d 447) (1973) (*Martin I*), but its exact dimensions were not then in question. The width did not become an issue until Appellees cut trees and erected buildings within the boundaries of the easement, which Appellants claimed to be 60 feet. Appellants sought an injunction, and the case was tried before the trial court. After hearing the evidence, the trial court found that Appellants were entitled to only that amount of land reasonably necessary to full enjoyment of their easement and concluded that a 25-foot right-of-way was sufficient for that purpose.

Appellants appealed, contending that "the trial court erred when it heard evidence on the amount of land reasonably necessary for full enjoyment of the easement." *Martin v. Sarah Rhodes, LLC*, 248 Ga. App. 654, 656 (548 SE2d 365) (2001) (*Martin II*). The Court of Appeals affirmed, holding that

> [n]ot only does *Martin* [*I*] not refer to an easement of any specific width, . . . it refers to this type of easement by implication as being "an easement, together with such land, or interest in land, as is necessary to full enjoyment of the easement, but no more." [Cit.]

*Martin II*, supra at 656. We granted certiorari in order to review the decision of the Court of Appeals in light of *Herren v. Pettengill*, 273 Ga. 122 (538 SE2d 735) (2000).

" '[A] road as a boundary is the road as an easement, *together with* such land, or interest in land, as is necessary to full enjoyment of the easement, but no more.' [Cit.]" (Emphasis supplied.) *Martin II*, supra at 655. The question of what additional land or interest may be necessary to Appellants' complete enjoyment of the roadway is a separate and distinct inquiry from the dimensions of the actual easement itself. Insofar as that issue is concerned, Georgia follows the majority rule

that an easement with a fixed location cannot be substan-

tially changed or relocated without the express or implied consent of the owners of both the servient estate and the dominant estate, absent reservations contained in the instrument creating the easement.

*Herren v. Pettengill*, supra at 123 (2). The deed creating Appellants' easement does not contain either reservations or a legal description, but it only grants an easement over a "proposed street" which was not in existence at the time of the conveyance. *Martin I*, supra. However, it is undisputed that the street was established some years afterwards and was used by the grantee and others. *Martin I*, supra at 513. "In determining the width of [an] easement, the interpretation placed on the grant by the parties is an important factor ([cits.])." *Oliphant v. McCarthy*, 617 NYS2d 555, 557 (N.Y. App. Div. 1994). Indeed, where the parties have established the actual location and dimensions of an easement, that determination is the controlling factor under Georgia law. "[W]hether an easement is created by express grant or by implication, once the location becomes fixed, the same rule controls relocation issues, so long as the grant contains no conditions or reservations." *Herren v. Pettengill*, supra at 123 (1). Thus, if the roadway over Appellees' property ever had an established width, it cannot now be narrowed without Appellants' express or implied consent.

Under the law of the case, the "street was established on or about June 16, 1969. . . ." *Martin I*, supra at 513. Thus, the initial focus of inquiry must be on the width of the road on or about that date. After hearing the evidence, the trial court found that Appellants did not prove that the road, as originally laid out, was a full 60 feet wide. An appellate court must accept that finding unless it is clearly erroneous. OCGA § 9-11-52 (a). In a bench trial, the trial court "can determine when essential facts have not been proved." *Comtrol v. H-K Corp.*, 134 Ga. App. 349, 352 (2) (214 SE2d 588) (1975). However, the trial court did not make any further express finding that the width of the roadway never became fixed at something less than 60 feet. If the width of the easement was ever set by the parties at *any* definite number of feet, the trial court would not be authorized to make its own independent determination as to whether a roadway of some other width would provide reasonable access to Appellants' property. The trial court has found that the easement was not as broad as 60 feet, but it has not expressly found that a definite width has not ever been established on or about June 16, 1969. Only that additional finding would distinguish the *Herren* case, so as to permit consideration of what was a reasonable width access to Appellants' property. Avoidance of "increased litigation over 'reasonableness' issues based on today's conditions rather than those consid-

ered in the original bargain" is one of the principal reasons why Georgia adheres to the majority rule. *Herren v. Pettengill*, supra at 124 (2). Thus, the Court of Appeals erroneously upheld the trial court's premature consideration of the amount of land reasonably necessary to full enjoyment of the easement. Having determined that the road was not the full 60 feet claimed by Appellants, the trial court should have made an additional finding as to whether a narrower dimension had ever been established for the easement. Instead, it erroneously turned immediately to the question of whether 25 feet was adequate. As a matter of law, that cannot be decided prior to a determination that the roadway does not have any fixed dimensions. *Herren v. Pettengill*, supra.

Because the trial court did not address the threshold issue of whether the road had an original fixed width on or about June 16, 1969, the judgment of the Court of Appeals in *Martin II* is reversed with direction to remand the case to the trial court for the entry of a new order which does so. See *Department of Transp. v. Livaditis*, 129 Ga. App. 358, 363 (3) (199 SE2d 573) (1973).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED FEBRUARY 25, 2002 —
RECONSIDERATION DENIED MARCH 25, 2002.

B. Samuel Engram, Jr., for appellants.
Moore, Clarke, DuVall & Rodgers, James H. Moore III, Edgar W. Duskin, Jr., for appellees.