**THIRD DIVISION
ELLINGTON, P. J.,
DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 30, 2015**

# In the Court of Appeals of Georgia

A15A0175, A15A0176. ALBENBERG v. SZALAY et al.; and vice
versa.

McFADDEN, Judge.

Anne Albenberg, whose property is landlocked, filed this action against adjoining landowners James and Karin Szalay, seeking, among other things, an ingress-egress easement across the Szalays' property. Both parties moved for summary judgment. The trial court granted both motions in part and denied both motions in part, and these appeals followed.

We find that the trial court correctly determined that Albenberg has an express easement across the Szalays' property, a finding with which the Szalays now agree. But we reject Albenberg's contention that that express easement can be varied or expanded on the basis of an implied easement or a utilities easement. We likewise

find that the Szalays' are entitled to summary judgment on Albenberg's claim for a prescriptive easement because the undisputed evidence shows that she abandoned any prescriptive easement. Accordingly, we affirm in part and reverse in part.

1. *Facts.*

To prevail on a motion for summary judgment, "the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law." *Atlantic Ins. Brokers v. Slade Hancock Agency*, 287 Ga. App. 677 (652 SE2d 577) (2007) (citation omitted). On appeal from the grant or denial of such a motion, we apply a de novo standard of review. *King v. GenOn Energy Holdings*, 323 Ga. App. 451, 453 (2) (747 SE2d 15) (2013) (citation omitted).

The relevant facts are largely undisputed. Albenberg and the Szalays have a common predecessor in title. In 1971, when the common predecessor in title first conveyed the property now owned by Albenberg, the warranty deed included the grant of a permanent easement over property retained by the common predecessor. The warranty deed describes the easement as

> a permanent easement for ingress and egress to the above described property on and across lands of the Grantor. Said easement to be located

2

along the eastern line of Grantor and running along said line until it intersects with the Hall County road known as the Old Shallowford Road (also known as Robinson Creek Road), said easement being twenty feet in width. Grantor specifically grants Grantee herein the right to grade, level, pave and make such improvements on said easement as may be desired by Grantee, so long as improvements are solely for the purpose of making, maintaining, repairing, modifying or replacing a road for ingress and egress.

Albenberg has owned her property since 1974. The Szalays acquired the property over which the easement runs in 2006.

Albenberg's property does not abut a public right-of-way. Since the purchase of the property, Albenberg and her family and guests have always used the same route to access the property. That route crosses the Szalays' property. Sometime in the 1970s or early 1980s, near the point where Albenberg's property touches the Szalays' property, a creek flooded and washed out the route. Automobiles could not cross the route at that point.

Albenberg and her family used the property for recreational purposes three or four times a year from its purchase in 1974 until July 13, 1994, when they stopped using it at all. They hope to construct a residence on the property in the future. According to Albenberg, the construction of a road within the easement area adequate

to accommodate cars would require the construction of a bridge over a creek, the installation of a culvert pipe and redirection of the creek, or other significant grading and construction, given the topography.

Apparently Albenberg's son went to the property in July 2012 and discovered that the Szalays had built a fence across the route. Albenberg filed this action in May 2013, asserting that she was entitled to an easement by her deed, by prescription, by a recorded plat of the Szalays' property, and by implication. See OCGA § 44-9-1 ("The right of private way over another's land may arise from an express grant, from prescription by seven years' uninterrupted use through improved lands or by 20 years' use through wild lands, by implication of law when the right is necessary to the enjoyment of lands granted by the same owner, or by compulsory purchase and sale . . . .") She also sought a utilities easement and trespass damages because of the Szalays' erection of the gate. The Szalays admitted that Albenberg has an express easement across their property for ingress and egress.

Albenberg and the Szalays moved for summary judgment, and the trial court entered an order in favor of Albenberg on some claims and in favor of the Szalays on others. Specifically, the trial court granted Albenberg summary judgment on her claim for the establishment of an easement by deed. It denied both parties' motions for

4

summary judgment on Albenberg's claims for easement by prescription, ruling that genuine issues of material fact remained. (The court only expressly denied Albenberg's motion for summary judgment on this claim, but because it found that genuine issues of material fact remained, this amounted to a denial of the Szalays' motion for summary judgment as well.) The trial court denied Albenberg's motion for summary judgment and granted the Szalays' motion for summary judgment on Albenberg's claim for easement by plat, ruling that the plat upon which Albenberg relied did "not show anything other than the location of [Albenberg's] recorded easement." The trial court denied Albenberg's motion for summary judgment and granted the Szalays' motion for summary judgment on Albenberg's claim for easement by implication, ruling that because she had an express easement, there was no need to imply an easement. The court denied the Szalays' motion for summary judgment on Albenberg's trespass claim, finding that although the claim was moot, given the removal of the gate, the issue of Albenberg's damages remained. It granted the Szalays summary judgment on Albenberg's claim for a utilities easement because the express easement did not include such. Albenberg appealed and the Szalays cross-appealed.

   2. *Express easement.*

Although the trial court granted her summary judgment on her claim for an express easement, Albenberg argues that the trial court erred by limiting the boundaries of her express easement to 20 feet from the Szalays' property line because the property is impassable in its southeast corner 20 feet from the property line and requires construction of a bridge over the creek. We disagree.

The trial court simply granted Albenberg an express easement "as described in the deed recorded in Deed Book 462, Page 225, Hall County Deed Records" as Albenberg had requested in her complaint and motion for summary judgment. And Albenberg concedes that the deed describes her easement as being 20 feet from the Szalays' property line. But, she argues, we must apply the principles of contract construction to uphold the intention of the grantor of the easement, which was to provide vehicular access to Albenberg's property. In support of this argument, she points to the language in the easement grant which refers to a road.

The "rules [for the construction of contracts] are irrelevant, because the [deed is] unambiguous and do[es] not require construction." *Miller v. Slater*, 182 Ga. 552, 556 (186 SE 413) (1936). Moreover, "an easement with a fixed location cannot be substantially changed or relocated without the express or implied consent of the owners of both the servient estate and the dominant estate, absent reservations

6

contained in the instrument creating the easement." *Herren v. Pettengill*, 273 Ga. 122, 123 (2) (538 SE2d 735) (2000) (citations omitted). "[W]here the parties have established the actual location and dimensions of an easement, that determination is the controlling factor under Georgia law." *Sloan v. Sarah Rhodes, LLC*, 274 Ga. 879, 880 (560 SE2d 653) (2002). The grant here fixed the easement's location as a 20-foot width along the eastern line of the Szalays' property. And the reference to a road does not change this conclusion. The easement includes "the right to grade, level, pave and make such improvements on said easement as may be desired by Grantee, so long as improvements are solely for the purpose of making, maintaining, repairing, modifying or replacing a road for ingress and egress." By its own terms, the language refers to the grantee's right to create and maintain a road on the easement itself.

3. *Easement by plat.*

Albenberg argues that the trial court erred by denying her motion for summary judgment and granting the Szalays' motion on her claim that a plat established an easement in her favor. This plat was recorded in 1975 and depicted the parcel later acquired by the Szalays. Across the parcel are dotted lines labeled "road." Albenberg argues that a conveyance of the parcel from one of the Szalays' predecessors in title to another of their predecessors in title referred to this 1975 plat. This reference in the

7

conveyance, she contends, "effectively resulted in the conveyance of a perpetual easement" in her favor.

But the plat does not describe the road as any kind of easement benefitting Albenberg's property. Morever, as the trial court held, the dotted lines seem to be simply a visual depiction of the easement described in Albenberg's chain of title: the lines run "along the eastern line of [the Szalays' property] . . . until it intersects with the Hall County road known as the Old Shallowford Road (also known as Robinson Creek Road), . . . [and depict] twenty feet in width." The trial court did not err by granting summary judgment to the Szalays on this claim.

4. *Easement by implication*.

Albenberg argues that the trial court erred in granting the Szalays summary judgment on her claim for easement by implication. "An implied easement may arise when the right is necessary to the enjoyment of lands granted by the same owner." *Eardley v. McGreevy*, 279 Ga. 562, 563 (1) (615 SE2d 744) (2005) (citation and punctuation omitted). However, "grants by implication are not favored." *Dept. of Transp. v. Meadow Trace*, 280 Ga. 720, 721 (631 SE2d 359) (2006). And "[b]efore one can assert a way of necessity over the land of another, every essential requisite to such a right must affirmatively appear. Not only the necessity of ingress to and

8

egress from his own land must exist, but it must further be alleged that there is no other suitable outlet." *Hasty v. Wilson*, 223 Ga. 739, 748 (4) (158 SE2d 915) (1967) (citation and punctuation omitted). Here, Albenberg has an express easement. And she has not come forward with evidence that she cannot use her express easement to access the public roadway "without unreasonable difficulty." *Eardley*, 279 Ga. at 563 (1).

She asserts that the construction of a passable road within the easement area would require the construction of a bridge over a creek, the installation of a culvert pipe and redirection of the creek, or other significant grading and construction, given the topography. But she has pointed to no evidence of the costs of such an undertaking. Accordingly, she has not supported her claim that she is entitled to an implied easement of necessity, which "never exists where a [person] can get to [her] own property through [her] own land, however inconvenient the way to [her] own land may be. Particularly is this true where the record does not show the character of the obstruction, its nearness to the highway, the additional cost of construction, and its relation to the value of the tract." *Gaines v. Lunsford*, 120 Ga. 370, 372-373 (47 SE 967) (1904) (citation omitted). Although a property could have an "obstruction of a character that makes it not absolutely impossible to reach" a public road, but

9

whose "expense [to do so] would be so out of proportion to the value of the estate as to warrant laying out a way of necessity, . . . [n]othing of that sort appears here." Id. Because Albenberg did not present evidence sufficient to establish a genuine issue of fact on the issue of the necessity of an implied easement, an essential element of this claim, the trial court did not err by granting summary judgment to the Szalays on this claim.

5. *Easement by prescription.*

The Szalays argue that the trial court erred by denying their motion for summary judgment on Albenberg's claim for an easement by prescription. The facts raise and the parties address certain issues arising out of the interplay between the law of easements by deed and the law of easements by prescription. But we do not reach those issues. Instead we agree with the Szalays and find, as a matter of law, that any easement by prescription has been abandoned.

"An easement may be lost by abandonment or forfeited by nonuse if the abandonment or nonuse continues for a term sufficient to raise the presumption of release or abandonment." OCGA § 44-9-6. The term of nonuse sufficient to raise such a presumption "generally follows the prescriptive period." *Forehand v. Carter*, 270 Ga. 534, 536 (3) (512 SE2d 611) (1999) (citations omitted). See Pindar, Ga. Real Est.

10

Law, §§ 8-29, 8-31 (7th ed.). The prescriptive period is "seven years' uninterrupted use through improved lands [and] 20 years' use through wild lands." OCGA § 44-9-1.

The undisputed evidence is that the Szalays' tract has had a house on it since 1975. The tract, therefore, has not been wild at least since then. *Hopkins v. Roach*, 127 Ga. 153, 154 (56 SE 303) (1906); *Henderson v. Cam Dev. Co.*, 190 Ga. App. 199, 200 (378 SE2d 495) (1989). The applicable prescriptive period is thus seven years. Albenberg's own evidence is that she and her family had not used the Szalays' tract to access her property at all from July 13, 1994. Thus the undisputed evidence shows that Albenberg had not used the property for a period of time well beyond the period that would generally raise a presumption of abandonment. See *Forehand*, 270 Ga. at 536 (3). And she has pointed to nothing to show that the presumption of abandonment should be rebutted. Accordingly, the Szalays are entitled to summary judgment on this claim.

6. *Utilities easement.*

Albenberg argues that the trial court erred by granting summary judgment to the Szalays on her claim for a utility easement. We disagree. An easement for ingress and egress, which is the kind of easement granted to Albenberg, does not include a utility easement. *Lanier v. Burnette*, 245 Ga. App. 566, 569-570 (2) (538 SE2d 476)

11

(2000). Albenberg is not entitled to an implied easement by necessity for utilities; "[s]ince utility companies have the power of eminent domain, then the utility can acquire all necessary easements through the exercise of such power." Id. (citation omitted).

*Judgments affirmed in part and reversed in part. Ellington, P. J., and Dillard, J., concur.*