**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 27, 2016**

# In the Court of Appeals of Georgia

A16A0243. PASS v. FORESTAR GA REAL ESTATE GROUP,
INC.

PHIPPS, Presiding Judge.

Forestar GA Real Estate Group, Inc. ("Forestar") sued Linda Pass, individually and as representative of her father's estate, to prevent her from blocking a roadway leading to Forestar's property in Jackson County ("the Forestar tract"). The trial court granted summary judgment to Forestar, permanently enjoining Pass from obstructing the road. Pass appeals, arguing, among other things, that questions of fact remain as to whether the roadway and Forestar's access had been abandoned.[1] We agree and reverse.

---

[1] Pass initially filed her appeal in the Supreme Court of Georgia, which transferred the case to this court.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law.[2] On appeal from the grant of summary judgment, we review the trial court's ruling de novo, construing the evidence in the light most favorable to the nonmoving party.[3] So viewed, the record shows that the Forestar tract abuts property owned by the estate of Pass's father, Halton Ed Davis, who died in 1999 ("the Davis tract"). Pass is the executrix of her father's will and the sole heir to his estate.

In 1953, Forestar's predecessor-in-interest, Hoyt Howington, sued Davis for access to the Forestar tract. According to the 1953 complaint, Davis had improperly blocked a public road that ran through the Davis tract and provided access to the Forestar tract. Davis answered, denying that a public road or access existed on his property. A jury, however, declared "the road in dispute a public road," and Davis was enjoined from interfering with public use of the road traversing his land.

Despite the outcome of the 1953 lawsuit, Davis and his family continued to deny that a public road existed on the Davis tract, and Pass testified at a preliminary hearing in the case at issue here that the claimed route, which crossed difficult terrain

---

[2] OCGA § 9-11-56 (c).

[3] *Houston v. Flory*, 329 Ga. App. 882, 883 (766 SE2d 227) (2014).

filled with tree stumps and fallen trees, was not passable. She also presented evidence that the road had been blocked for over 40 years, that no one had used it to reach the Forestar tract during this period, and that Forestar had accessed its property via another route. At least part of the road on the Davis tract, however, was paved and marked with double yellow lines down the center. Moreover, several property surveys identified the road as "Davis Road" or "County Road."

Forestar obtained title to the Forestar tract in 2006. Two years later, Pass erected a gate across the paved portion of the road as it entered the Davis tract to stop people from dumping trash in the area. In 2011, a Forestar employee attempted to access the road through the gate, but it was locked. The employee cut the lock, then wrote to Pass, referencing Forestar's access rights. When he returned to the property sometime later, he discovered that the gate had been secured with a new lock and that a "no trespassing" sign had been posted.

Forestar filed suit in 2012, asserting that Pass had illegally blocked access to Davis Road. The company sought injunctive relief, as well as damages for intentional interference with the enjoyment of property. Following discovery, Forestar moved for partial summary judgment on its injunctive relief claim. The trial court granted Forestar's motion, finding as a matter of law that a public road existed across the

3

Davis tract and that Forestar had the right to access its property via the road. It thus permanently restrained and enjoined Pass from obstructing Forestar's access.[4]

On appeal, Pass argues that the trial court erred in granting summary judgment to Forestar because questions of fact remain as to abandonment. We agree. As a result of the 1953 lawsuit, Davis Road was declared to be a public roadway, and at least some evidence shows that it was designated as a county road. Members of the public have a right to use public roads, which cannot be blocked or obstructed by private parties.[5] But a county road can be abandoned.[6] And once a county properly abandons

---

[4] Pass also filed a motion for summary judgment, which the trial court denied. That ruling is not enumerated as error in this appeal.

[5] See *Barham v. Grant*, 185 Ga. 601, 604 (5) (196 SE 43) (1938) (noting that members of the public have a common right to use and enjoy a public highway); *Lovell v. Rea*, 278 Ga. App. 740, 745 (5) (629 SE2d 459) (2006) (trial court properly enjoined landowner from blocking access to public road); see also OCGA § 16-11-43 ("A person who, without authority of law, purposely or recklessly obstructs any highway, street, sidewalk, or other public passage in such a way as to render it impassable without unreasonable inconvenience or hazard and fails or refuses to remove the obstruction after receiving a reasonable official request or the order of a peace officer that he do so, is guilty of a misdemeanor.").

[6] OCGA § 32-7-1.

a road, "the rights of the public in and to the section of road as a public road shall cease."[7]

Construed favorably to Pass, the record shows that the roadway at issue had not been used for many years and was impassable. As Forestar notes, mere non-use "does not work a forfeiture of the right to the use of a public road."[8] Pass's abandonment claim, however, does not rest solely on non-use. She also presented evidence that, in 2012, Jackson County officials abandoned a portion of the roadway traversing the Davis tract pursuant to the abandonment requirements in OCGA § 32-7-2 (b). We recognize that Jackson County issued a Certificate of Abandonment with respect to the road *after* Forestar commenced this lawsuit. But the evidence raises a question of fact as to whether, at the time of the trial court's summary judgment ruling, the road had been abandoned, ending the public's right to access and use it.[9]

---

[7] OCGA § 32-7-2 (b) (1).

[8] *Doby v. Brown*, 232 Ga. 42 (205 SE2d 299) (1974) (citation omitted). See also *Garner v. Young*, 214 Ga. 109, 110 (3) (103 SE2d 302) (1958) ("The mere non-use of a dedicated street is insufficient to show abandonment.") (citations omitted).

[9] See OCGA § 32-7-2 (b) (1).

In granting summary judgment, the trial court found that even if the county had abandoned the road and terminated the public's right to use it, Forestar still had "private rights of ingress and egress" across the road to the Forestar tract. It is true that parties owning land contiguous to a public roadway enjoy special rights not shared by all members of the public.[10] In particular, such landowners have an easement of access to their property via the roadway, which "includes the right of ingress, egress, and regress."[11] An easement, however, "may be lost by abandonment or forfeited by nonuse if the abandonment or nonuse continues for a term sufficient to raise the presumption of release or abandonment."[12] The "term of nonuse" necessary to raise this presumption "generally follows the prescriptive period," which is "seven years' uninterrupted use through improved lands and 20 years' use through wild lands."[13]

---

[10] *Barham*, supra at 604 (5).

[11] Id. at 605 (5).

[12] OCGA § 44-9-6.

[13] *Albenberg v. Szalay*, 332 Ga. App. 665, 669-670 (5) (774 SE2d 730) (2015) (citations and punctuation omitted).

6

Pass offered evidence that the roadway crossing the Davis tract had not been used as a public road in over 40 years, during which time it had been continuously blocked and Forestar had accessed its property through another route. Regardless of whether the appropriate "term of nonuse" is seven or twenty years, this evidence created a jury question as to abandonment of any private access easement flowing from the roadway.[14] The trial court, therefore, erred in granting summary judgment to Forestar.[15]

*Judgment reversed. Dillard and Peterson, JJ., concur.*

---

[14] See *Duffy Street S.R.O. v. Mobley*, 266 Ga. 849-850 (1) (471 SE2d 507) (1996) (jury authorized to find that access easement had been abandoned where evidence showed that no one other than trespassers had used the easement for over 20 years and the predecessor-in-title to the party claiming the easement had erected a fence across the access point); *Albenberg*, supra at 670 (5) (presumption of abandonment raised where evidence showed that alleged holder of access easement over improved land had not used the easement in over seven years).

[15] See *Moxley v. Adams*, 190 Ga. 164, 165 (2) (8 SE2d 525) (1940) ("[W]here the testimony is in dispute as to the facts, the question as to any abandonment is for the jury, in applying to the evidence the law charged by the judge.") (citations omitted).