J-A32015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| MARK P. MATTHEWS AND BRENDA MATTHEWS, HIS WIFE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellees | |
| v. | |
| GEORGE TESLOVICH, JR., | |
| Appellant | No. 54 WDA 2015 |

Appeal from the Judgment Entered January 7, 2015
In the Court of Common Pleas of Fayette County
Civil Division at No(s): 2593 of 2011 GD

BEFORE:  SHOGAN, OTT, and STABILE, JJ.

DISSENTING MEMORANDUM BY SHOGAN, J.:          **FILED JUNE 28, 2016**

After my review of the record, the briefs of the parties, the trial court opinion, and relevant authority, I discern no abuse of discretion or error of law in the trial court's decision to grant an easement by necessity for utilities.  Accordingly, I respectfully dissent.

In this Commonwealth "an easement may be created 1) expressly; 2) by prescription; 3) by necessity; or 4) by implication." ***Phillippi v. Knotter***, 748 A.2d 757, 758 (Pa. Super. 2000) (citation omitted).  Here, it is undisputed that the trial court's order granted an easement by necessity. An easement by necessity contemplates a situation in which a parcel of land is landlocked. ***Id***. at 760.  "Landlocked" is defined as "surrounded by land, often with the suggestion that there is little or no way to get in or out

without crossing the land of another." ***Id***. (quoting Black's Law Dictionary 883 (7th edition 1999)). "It is a well-settled principle of law that, in the event property is conveyed and is so situated that access to it from the highway cannot be had except by passing over the remaining land of the grantor, then the grantee is entitled to a way of necessity over the lands of his grantor." ***Phillippi***, 748 A.2d at 758 (citation omitted). The three fundamental requirements for an easement by necessity are as follows:

> 1) The titles to the alleged dominant and servient properties must have been held by one person.
>
> 2) This unity of title must have been severed by a conveyance of one of the tracts.
>
> 3) The easement must be necessary in order for the owner of the dominant tenement to use his land, with the necessity existing both at the time of the severance of title and at the time of the exercise of the easement.

***Id***. (citation omitted). An easement by necessity is due to strict necessity, and it never exists as a mere matter of convenience. ***Id***. (citations omitted).

In the case at bar, Appellant does not challenge the trial court's finding of an easement by necessity for ingress and egress; Appellant's sole challenge is to the trial court's finding of an easement by necessity for utilities. Appellant's Brief at 7. There is a dearth of case law on the discrete issue of easements by necessity for utilities.

However, in ***PARC Holdings, Inc. v. Killian***, 785 A.2d 106 (Pa. Super. 2001), this Court was faced with a similar scenario. In ***PARC***

*Holdings*, the issue was whether an express easement "**for ingress and egress to certain land now owned by Grantor**" included an easement for utilities. *Id*. at 109. While that case involved an express easement, I conclude that the decision is instructive. The *PARC Holdings* Court relied on *Dowgiel v. Reid*, 59 A.2d 115 (Pa. 1948), which held that "Pennsylvania has adopted the rule that where a right of way is granted or reserved without limit of use, it may be used for any purpose to which the land accommodated thereby may naturally and reasonably be devoted." *PARC Holdings*, 785 A.2d at 114 (citing *Dowgiel*, 59 A.2d at 118). This Court in *PARC Holdings* reasoned as follows:

> The deed reserving the easement in the present case provided in pertinent part as follows: "a non-exclusive fifty (50) foot wide right-of-way, with Grantee, their heirs and assigns, for ingress and egress to certain land now owned by Grantor." We find the wording of the reservation as to its purpose ambiguous, **as it generally defines its purpose in terms of providing mere access to the dominant estate by extension of a public road**. The language does not specify a limited purpose to the access, such as "for the purpose of maintaining a water system" or "for pedestrian and vehicular travel only." Since we are dealing with the **reservation of an easement or right of way in general terms** without a specific statement of purpose, case law clearly expresses that the focal point of inquiry is the intention of the parties who created the easement.

*Id*. at 112 (emphases added). Thus, this Court concluded that the express easement was ambiguous, and the attendant circumstances weighed in favor of *PARC Holdings*' contention that the easement was reserved for future land development; the intent was that the easement was not simply for ingress and egress, but also included the right to install utilities. *Id*. at 116.

Here, I recognize that this Court is not assessing an express easement. However, because we are evaluating the import of the words "ingress and egress" over a road that was originally referred to as a "public road" in the deed of conveyance from Beal, and because the survey attached to the deed depicted a "public road," the rationale from **PARC Holdings** persuades my decision that ingress and egress may include utilities. Because the road was termed a "public road" without a limit on its usage at the time of conveyance from Beal in 1972, a reservation was created at that time for "any purpose to which the land accommodated thereby may naturally and reasonably be devoted." **PARC Holdings**, 785 A.2d at 114 (citing **Dowgiel**, 59 A.2d at 118). I conclude that an easement for public water, under the facts of this case, is both necessary and reasonable. In the absence of contrary binding authority,[1] I find no abuse of discretion or error of law by the trial court in granting Appellees an easement by necessity for utilities.

---

[1] Other jurisdictions similarly include access to utilities within the meaning of ingress and egress pursuant to an easement by necessity. **See Regan v. Pomerleau**, 107 A.3d 327, 338 (Vt. 2014) (citing **Berge v. State**, 915 A.2d 189 (Vt. 2006)); **Brown v. Miller**, 95 P.3d 57 (Id. 2004); **Smith v. Heissinger**, 745 N.E.2d 666 (Ill. App. 2001); **Morrell v. Rice**, 622 A.2d 1156 (Me. 1993); **Huggins v. Wright**, 774 So.2d 408 (Miss. 2000); and 1 Restatement (Third) of Prop.: Servitudes § 2.15 comment d. (2000) (observing that "increasing dependence" on access to utilities for reasonable enjoyment of property supports recognition of easement by necessity).

I am cognizant, however, of contrary holdings as well. **See Albenberg v. Szalay**, 774 S.E.2d 730, 735 (Ga. App. 2015) (stating that an easement for ingress and egress does not include a utility easement, citing **Lanier v. Burnette**, 538 S.E.2d 476 (Ga. App. 2000)).

For the reasons set forth above, I would affirm the judgment entered in favor of Appellees.